UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYBAC SOLAR AG,

      Plaintiff,

v.                        CASE No. 8:12-CV-1218-T-17TGW

SYBAC SOLAR, LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff, a German corporation, alleges in this lawsuit that the defendant, its United States subsidiary, breached their Project Agreement. The defendant filed a Motion to Dismiss the lawsuit based upon improper venue (Doc. 6). Specifically, it argues that the Project Agreement contains a forum selection clause that mandates Mayen, Germany, as the exclusive venue for all legal disputes arising from the contract. The plaintiff opposes the motion on the ground that the forum selection clause is permissive and, therefore, it does not preclude the filing of the lawsuit in this court.

      The forum selection clause, on its face, appears to mandate Mayen, Germany, as the exclusive venue for all disputes arising from the

Project Agreement. Further, even construing the facts most favorably to the plaintiff, the forum selection clause is, at most, ambiguous. This circumstance also fails to support the plaintiff because ambiguous forum selection clauses are construed against the drafter, which is the plaintiff in this case. Therefore, the forum selection clause is properly interpreted as mandating Mayen, Germany, as the exclusive venue for this dispute. Accordingly, I recommend that Defendant Sybac Solar, LLC's Motion to Dismiss Under Rule 12(b) (Doc. 6) be granted.

I.

The plaintiff, a German corporation with its principal place of business in Germany, engages in photovoltaic systems development and engineering (Doc. 1, ¶¶3, 8). On or about November 18, 2010, the plaintiff and the defendant executed a Project Agreement ("the Agreement") to construct a two megawatt solar plant in Gainesville, Florida (id., ¶¶6, 10; Doc. 1-1).[1] The defendant, a Florida limited liability company, was formed as a subsidiary of the plaintiff for the purpose of this joint venture (Doc. 1, ¶9; Doc. 1-1, p. 2). Thus, the plaintiff was to provide financing, technology,

---

[1]The Agreement was prepared in German (Doc. 1-1, pp. 4-5) and the plaintiff attached to the complaint its English translation of this document (id., pp. 2-3).

and technical knowledge for the project, and the defendant's roles were to construct the solar plant, manage the project, and provide billing and operational support (Doc. 1, ¶¶38, 39).

As detailed in the Agreement, it was expected that the solar plant would cost $7.2 million to complete (id., ¶11; Doc. 1-1, p. 2). The Agreement sets forth expected profits of $2 million, which were to be split 49% to the plaintiff and 51% to the defendant (Doc. 1-1, p. 2; Doc. 1, ¶13). The plaintiff provided loans totaling $5.975 million for the project, which the defendant agreed to repay prior to disbursement of the profits (Doc. 1, ¶¶17, 23).

The final paragraph of the Agreement includes a forum selection clause which the plaintiff translated as follows (Doc. 1-1, p. 3):

> The parties agree with regards to all legal relations from this contractual relationship the use of German law.  Legal venue for any disputes arising out of this contract is agreed to be Mayen.

Mayen is a city in Germany (Doc. 6, ¶2).

The plaintiff alleges that construction of the solar plant has been completed, and that it is generating tens of thousands of dollars per month in profit (Doc. 1, ¶¶18-21).  However, the plaintiff asserts that the defendant has

-3-

not repaid any portion of the loan, and that the plaintiff has not received any portion of the profits (id., ¶¶25, 29, 30, 33). Further, the plaintiff contends that it owns 20% of the defendant company and, therefore, it is entitled to 20% of the defendant's profits, of which it has received none (id., ¶¶26-31). The plaintiff also asserts that the defendant has rebuffed its request for an accounting of the defendant's income (id., ¶24).

On May 31, 2012, the plaintiff filed this lawsuit alleging that the defendant breached the Project Agreement and its fiduciary duty, failed to provide an equitable accounting, and violated Fla. Stat. Ch. 608 (Doc. 1). The complaint also includes a count for declaratory relief pursuant to 28 U.S.C. 2201 (id.). All of these claims arise from the parties' obligations under the Agreement.

The defendant subsequently filed a Motion to Dismiss Under Rule 12(b) for improper venue based on the forum selection clause (Doc. 6). The plaintiff opposes the motion (Doc. 7). The plaintiff, with leave of court, filed a reply to the defendant's opposition memorandum (Doc. 18).

The matter was referred to me for a report and recommendation (Doc. 13). Thereafter, oral argument was held on the motion (see Doc. 21). At the hearing, the defendant argued that the forum selection clause, as

-4-

translated by the plaintiff, required venue in Mayen, Germany. Further, the defendant contended that the plaintiff's translation of the forum selection clause is inaccurate, and that the correct translation further supports its argument that the forum selection clause is mandatory. In this regard, the defendant submitted an affidavit from Dr. Margit Grieb, an Associate Professor of German at the University of South Florida, who translated the last paragraph of the Agreement as stating (Doc. 23-3)(emphasis added):

> The parties hereby agree that the law of the Federal Republic of Germany controls any and all disputes which might arise out of this business contract/ relationship. The legal venue for any and all disputes in connection with this contract will be Mayen.

Additionally, at the hearing, I asked defense counsel whether the defendant contends the Mayen court lacks personal jurisdiction over it. Defense counsel stated that the defendant affirmatively waives any possible objection to a lack of personal jurisdiction in Mayen, Germany. Therefore, if this case is dismissed, the plaintiff will have recourse in the Mayen court.

II.

In the Eleventh Circuit, a motion to dismiss for improper venue based on a foreign forum selection clause is a question of proper venue under

-5-

Federal Rule of Civil Procedure 12(b)(3). Slater v. Energy Services Group

Intern., Inc., 634 F.3d 1326, 1332-33 (11th Cir. 2011). In determining the

proper venue, the facts of the complaint are accepted as true "to the extent

they are uncontroverted by defendant's affidavits." Estate of Myhra v. Royal

Caribbean Cruises, Ltd., __ F.3d __, 2012 WL 4207303 at *3 (11th Cir. 2012).

The Eleventh Circuit explained:

> Rule 12(b)(3) is a somewhat unique context of
> dismissal in which we consciously look beyond the
> mere allegations of a complaint, and, although we
> continue to favor the plaintiff's facts in the context
> of any actual evidentiary dispute, we do not view
> the allegations of the complaint as the exclusive
> basis for decision.

Id.; see also 5B Wright &Miller, Federal Practice and Procedure: Civil 3d

§1352, p. 324 (3rd ed. 2004)(pursuant to Rule 12(b)(3), a "court may examine

facts outside the complaint to determine whether its venue is proper").

### III.

"[T]he construction of forum selection clauses by federal courts

is a matter of federal common law" and they are "interpreted by reference to

ordinary contract principles." Cornett v. Carrithers, 465 Fed. Appx. 841, 842

(11th Cir. 2012). A forum selection clause is "prima facie valid" and should

be enforced absent a strong showing that it should be set aside.  M/S Bremen

v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

The plaintiff does not argue that the forum selection clause is

invalid (Doc. 7).  Rather, the plaintiff argues that it is a permissive  clause

that allows, but does not require, Mayen, Germany, as the venue for this

lawsuit (id.).  On the other hand, the defendant contends that the forum

selection clause mandates Mayen, Germany, as the exclusive venue for legal

disputes arising from the Agreement (Doc. 6).  Thus, the only issue to be

decided on this motion is whether the forum selection clause is mandatory or

permissive.

"A permissive [forum selection] clause authorizes [venue] in a

designated forum but does not prohibit litigation elsewhere." Global Satellite

Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004).  In

contrast, a "mandatory clause ... dictates an exclusive forum for litigation

under the contract."  Id.

The plaintiff's English translation of the final paragraph of the

Agreement is (Doc. 1-1, p. 3):

The parties agree with regards to all legal relations
from  this  contractual  relationship  the  use  of

> German law.  Legal venue for any disputes arising
> out of this contract is agreed to be Mayen.

The most reasonable interpretation of the forum selection clause is that the

parties intended Mayen, Germany, as the exclusive venue for disputes arising

out of the contract because the phrase "is agreed to be" plainly and explicitly

mandates a single venue to the exclusion of other venues.  See Belize

Telecom, Ltd. v. Gvt. of Belize, 528 F.3d 1298, 1307 (11th Cir. 2008)(Under

general contract principles, the "plain meaning of a contract's language

governs its interpretation.").  Thus, "is" is singular, thereby indicating only

one venue, and "agreed to be" is mandatory language which reflects the

parties' specific intent for the venue to be exclusively in Mayen, Germany.

See Macsteel Intern. USA Corp. v. M/V Larch Arrow, 354 Fed. Appx. 537,

540 (2nd Cir. 2009)("Any disputes arising under this Bill of Lading to be

decided in London" is a mandatory forum selection clause based on the

mandatory force of the words "to be"); Phillips v. Audio Active Ltd., 494

F.3d 378, 386 (2nd Cir. 2007)("any legal proceedings ... are to be brought in

England" is mandatory, reasoning that "are to be brought" establishes an

obligatory venue); Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG,

560 F.Supp.2d 432, 436 (W.D.N.C. 2008)("court of venue is Mörfelden-

Walldor" is a mandatory clause); compare Montroy v. State Farm Mut. Auto. Inc. Co., 2012 WL 4746407 (M.D. Fla.) (unpub. dec.)("the matter may be decided ... in an Ontario court" is permissive).   Accordingly, it is unreasonable to permit this lawsuit in Florida when the parties executed a contract which provides that "legal venue ... is agreed to be Mayen" (Doc. 1-1, p. 3).

Interpreting the forum selection clause as mandatory is also supported by the provision that German law governs the contract (id.). See Pennzoil Co. v. F.E.R.C., 645 F.2d 360, 388 (5th Cir.1981)(The court must look at the contract as a whole and the purpose of the agreement to best determine the intent of the parties in interpreting the agreement.).   Thus, it makes far more sense that venue was intended exclusively in a German court because a German court is obviously best suited to interpret and apply German law.  Conversely, the notion that the parties agreed that German law governs the contract, but that lawsuits regarding the contract could be filed in a different country is anomalous.  Thus, venue in Florida would require Florida courts to translate, interpret and apply German law.  It is hard to conclude that the parties intended such a result.

The plaintiff argues that the forum selection clause is permissive because it does not contain "hallmark" words of a mandatory forum selection clause such as, the venue "shall" be, or is "exclusively" Mayen (Doc. 7, p. 3). However, as the defendant correctly responds (Doc. 18, p. 3), there are no "magic words," the absence of which renders a clause permissive rather than mandatory. Danmar Lines, Ltd. v. CMA CGS S.A., 2010 WL 5174975 at *2 (S.D. Fla.)(unpub. dec.)(the import of a mandatory forum selection clause is to provide a particular court with exclusive jurisdiction, although the clause need not include the word "exclusive"); see, e.g., Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231, 1232 (11th Cir. 1985)(a forum selection clause could be reasonably construed as mandatory despite the absence of a "hallmark" word). Rather, the issue is whether the language indicates the parties meant to foreclose litigation anywhere else. See Stateline Power Corp. v. Kremer, 148 Fed. Appx. 770, 771 (11th Cir. 2005). And, as discussed above, the phrase "is agreed to be" in the forum selection clause establishes that intent.

The absence of the words "shall" or "exclusively" from the forum selection clause indicates, at most, that the forum selection clause could have been drafted in a clearer manner and, therefore, it is arguably

ambiguous. The case that compellingly makes this point is <u>Citro Florida, Inc.</u> v. <u>Citrovale, S.A.</u>, <u>supra</u>, 760 F.2d 1231. The contract in <u>Citro Florida, Inc.</u> contained a forum selection clause which stated that "Place of jurisdiction is Sao Paulo/Brazil." The parties disputed whether this forum selection clause was mandatory.

The Eleventh Circuit noted that, although "the clause does not ... specify that Sao Paulo is the only place of jurisdiction," the forum selection clause was subject to two opposing, yet reasonable, interpretations regarding whether the clause was mandatory. <u>Id</u>. at 1231-32. Consequently, the court held that "[t]he forum selection clause ... is ambiguous concerning the exclusive nature of the provision." <u>Id</u>. at 1232. The Eleventh Circuit then construed the ambiguous provision against the drafter of the contract in accordance with the longstanding rule that, "when a contract provision is subject to opposing, yet reasonable, interpretations, an interpretation is preferred which operates more strongly against the party from whom the words proceeded." <u>Id</u>.[2]

---

[2]In <u>Citro Florida, Inc.</u>, the defendant drafted the contract. Therefore, the forum selection clause was construed against the defendant and in favor of the plaintiff as a permissive consent to jurisdiction. 760 F.2d at 1232.

Pursuant to <u>Citro Florida, Inc.</u>, it is clear that the forum selection clause in this case is, at most, ambiguous. Thus, the language of the forum selection clause in this case more strongly indicates exclusivity than the clause in <u>Citro Florida, Inc.</u>, and ambiguous forum selection clauses in other cases. <u>See</u>, <u>e.g.</u>, <u>Keaty</u> v. <u>Freeport Indonesia, Inc.</u>, 503 F.2d 955 (5th Cir. 1974)("the parties submit to the jurisdiction of the courts of New York" is "subject to opposing, yet reasonable, interpretations" and is therefore ambiguous); <u>Caldas & Sons, Inc.</u> v. <u>Willingham</u>, 17 F.3d 123 (5th Cir. 1994) ("the laws and courts of Zurich are applicable" is ambiguous).

A finding of ambiguity does not aid the plaintiff in this case because, as indicated, an ambiguous forum selection clause is construed against the party who drafted the contract, which is the plaintiff in this case. Thus, the defendant alleges, without dispute, that the plaintiff drafted the Agreement, including the forum selection clause (Doc. 6, p. 2). Accordingly, assuming the forum selection clause is ambiguous, it is properly construed against the plaintiff to be a mandatory forum selection clause.

Additionally, the defendant has submitted a translation of the forum selection clause which further supports its position that the forum selection clause is mandatory. Thus far, the arguments have focused on

interpreting the plaintiff's translation of the German Agreement. That translation, however, is unsupported by an affidavit, so that, among other deficiencies, the qualifications of the person who provided that translation are unknown. Furthermore, the defendant disputes the accuracy of the plaintiff's translation (Doc. 18, p. 2).

The defendant proffered an affidavit from Dr. Margit Grieb, an Associate Professor of German at the University of South Florida (Doc. 23). Dr. Grieb holds a Ph.D. in German studies from the University of Florida, a Master of Art in German Studies from the University of Florida, and a Bachelor of Art in German from Stetson University (id., ¶3). Thus, she is well qualified to interpret from German to English. Further, Dr. Grieb affirmed that she translated the sentences without reviewing any pleadings or discussing the case with defense counsel (id., ¶¶6, 7). Dr. Grieb translated the last paragraph of the Agreement as follows (Doc. 23-3)(emphasis added):

> The parties hereby agree that the law of the Federal Republic of Germany controls any and all disputes which might arise out of this business contract/ relationship. The legal venue for any and all disputes in connection with this contract will be Mayen.

Dr. Grieb's translation of the forum selection clause, which states that the legal venue "will be" Mayen, is unambiguously mandatory. Thus, "will" is "[a]n auxiliary verb commonly having the mandatory sense of shall or must." Black's Law Dictionary, 6th Ed. Abr., p. 1102.   As the plaintiff acknowledges in its memorandum (Doc. 7, p. 3), "shall" is a term of requirement.  See Slater v. Energy Services Group Intern., Inc., supra, 634 F.3d at 1330 ("The contract provision ... because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue...."). Therefore, when the parties agree that they "will" submit their dispute to a specified forum, they are obligated do so to the exclusion of all other forums. Summit Packaging Systems, Inc. v. Kenyon & Kenyon,  273 F.3d 9, 12-13 (1st Cir. 2001); Scotland Memorial Hosp., Inc. v. Integrated Informatics, Inc., 2003 WL 151852 at *4 (M.D.N.C. 2003)(unpub. dec.)("The venue will be the courts in Atlanta, Georgia" is mandatory). In sum, Dr. Grieb's translation of the forum selection clause unambiguously mandates that the parties file legal actions arising from the Agreement exclusively in Mayen, Germany.

Nonetheless, even if the affidavit of Dr. Grieb is disregarded, the result is the same. Thus, accepting the plaintiff's translation of the forum selection clause, it appears mandatory on its face. It is, at most, ambiguous,

and in that circumstance it is properly construed against the plaintiff, who drafted the Agreement. Therefore, in all events, the forum selection clause is appropriately interpreted to mandate venue for this dispute exclusively in Mayen, Germany. As noted previously, this will not deprive the plaintiff of a remedy, as the defendant has expressly waived any potential argument that the Mayen court lacks personal jurisdiction over it. See Rucker v. Oasis Legal Finance, L.L.C., 632 F.3d 1231, 1237 (11th Cir. 2011)(a forum selection clause will not be enforced if "the chosen law would deprive the plaintiff of a remedy.").

IV.

For these reasons, I recommend that Defendant Sybac Solar, LLC's Motion to Dismiss Under Rule 12(b) (Doc. 6) be granted, and the complaint be dismissed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 22, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).