UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SYBAC SOLAR AG,

    Plaintiff,

vs.                                        CASE NO. 8:12-CIV-1218-T-17-TGW

SYBAC SOLAR, LLC.,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

       This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Thomas G. Wilson on October 22, 2012 (Docket No. 24). The magistrate judge recommended that the Court grant the motion to dismiss based upon improper venue (Doc. 6) and dismiss the case as the forum selection clause of the Project Agreement mandates Mayen, Germany as the exclusive venue for all legal disputes from the contract.

       Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. The plaintiff filed objections to the report and recommendation (Doc. 25) and the defendant filed a response to the objections (Doc. 26).

The plaintiff's objections asks the Court to stay the case rather than dismiss it as recommended by the Magistrate Judge in order for this Court to recognize and enforce any judgment rendered in the future and to provide assistance in discovery proceedings. The defendant opposes both of these requests and the Court agrees with the arguments presented by the defendant. The Court finds no reason to stay this case but finds that dismissal is appropriate.

The Plaintiff further asks that the Court state in the dismissal or stay order that the "Defendant has affirmatively waived any possible objection to a lack of personal jurisdiction in Mayen, Germany and ...the Defendant has asked the instant Court to enforce the Project Agreement's mandatory venue clause requiring that the parties participate in the adjudication of the dispute in Mayen, Germany." The defendant does not oppose this request.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is

**ORDERED** that the report and recommendation, October 22, 2012 (Docket No. 24) be **adopted** and **incorporated by reference**; the Court **grants** the motion to dismiss based upon improper venue (Doc. 6) and dismisses this case. The Court notes that the defendant has affirmatively waived any objection to a lack of personal jurisdiction in Mayen, Germany and the Defendant requested this Court to enforce the Project Agreement's mandatory venue clause requiring that the parties participate in the adjudication of the dispute in Mayen, Germany  The Clerk of Court is directed to close this case and to terminate any pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 9th day of January, 2013



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge